UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CLARENCE OTIS GIBSON** | **CIVIL ACTION** |
| **VERSUS** | **NO. 23-3339** |
| **CORNELIUS REGAN** | **SECTION: "R"(5)** |

## REPORT AND RECOMMENDATION

Clarence Gibson initiated these 42 U.S.C. § 1983 proceedings in the United States District Court for the Middle District of Louisiana in July 2023. Gibson alleges a violation of due process by Judge Regan, who presided over his 2009 criminal trial proceedings in Jefferson Parish. The proceedings ended in a conviction for sexual battery. He argues that the judge effectively prevented him from lodging a meritorious defense. He requests one million dollars in compensation for the mental anguish he suffered. ECF No. 1, ¶V at 3-4.

The matter was transferred by the United States District Court for the Middle District of Louisiana to this Court with an outstanding deficiency (*i.e.*, no fee or application to proceed *in forma pauperis*). The Clerk of Court promptly sent Gibson a notice of deficiency, provided the correct forms, and gave him 21 days, or until September 5, 2023, to respond. He failed to respond or comply with the notice of deficiency.

On September 21, 2023, Gibson filed another civil complaint against Judge Regan in the Eastern District of Louisiana. That complaint arose from the same incident and alleged the same facts as his earlier complaint and was signed and dated September 1, 2023. The second deficient complaint and deficient pauper application were docketed as a separate civil matter, *Clarence Otis Gibson v. Cornelius Regan*, Civil Action No. 23-5402 "I" (5). He was given 21 days, or until October 12, 2023, to correct the deficiencies by submitting a form complaint and either paying the filing fee or submitting a properly completed and certified

inmate account statement with his pauper application. He failed to do so, and that case has been closed.[1]

The authority of a federal court to dismiss a plaintiff's action because of failure to prosecute is clear. The Federal Rules of Civil Procedure specifically provide that a court may, in its discretion, dismiss a plaintiff's action for failure to prosecute or for failure to comply with the Federal Rules of Civil Procedure or any order of the court. Fed. R. Civ. P. 41(b); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). The Court's power to dismiss for want of prosecution should be used sparingly, although it may be exercised *sua sponte* when necessary to achieve the orderly and expeditious disposition of cases. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31, 82 S.Ct. 1386, 1388–89, 8 L.Ed.2d 734 (1962); *McCullough*, 835 F.2d at 1127; *Ramsay v. Bailey*, 531 F.2d 706, 707 (5th Cir.1976).

A *pro se* litigant is not exempt from compliance with relevant rules of procedural and substantive law. *Grandpre v. Normand*, Civ. Action No. 16-1541, 2018 WL 691650 (E.D. La. Feb. 2, 2018) (citing *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981)). Gibson has failed to comply with the procedural requirements outlined in the Clerk of Court's deficiency notices in both cases. He has had two separate opportunities since July 2023 to resolve the deficiency and pursue his civil case against Judge Regan, and simply refuses to do so. For the reasons expressed, it is appropriate to dismiss plaintiff's complaint at this time.

## **RECOMMENDATION**

For the foregoing reasons, it is recommended that Gibson's complaint in this case,

---

1 Furthermore, instead of correcting the pending matters as instructed by the Clerk of Court, he has since filed two additional similar cases against Judge Regan, one in the Middle District, which was transferred here, and one in the Eastern District of Louisiana, both still deficient. Civ. Action Nos. 23-5600 "T"(2) (complaint filed in August 2023) and 23-5985 "J"(1) (complaint filed in October 2023).

Civil Action No. 23-3339 "R"(5), be dismissed without prejudice for failure to prosecute. A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996)(*en banc*)(citing 28 U.S.C. §636(b)(1)).[2]

New Orleans, Louisiana, this 27th day of October, 2023.

_____
MICHAEL B. NORTH
UNITED STATES MAGISTRATE JUDGE

---

[2] *Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.